## ROBERTS vs. JOHANNAS.

REPLEVIN: PLEADING. *(1) Form of denial in answer. (2: 1) Form of counterclaim. (2: 2) Demurrer taken to be to whole answer.*

1. In replevin, the answer denied "that at the time stated in the complaint, *or at any other time*, the property described in the complaint came into defendant's possession, or that the same was or remained in his possession at the commencement of this action, as alleged in said complaint." *Held*, a sufficient denial of possession.

2. The property being described in the complaint as two gelding colts and a mare colt, it is averred "for a further answer" that, on etc. (the time laid in the complaint), " a certain horse, to wit, a stallion, the property of the plaintiff as defendant is informed and believes," was running at large contrary to law, and came upon defendant's premises, and was by defendant taken up, etc.; and that, by virtue of certain alleged proceedings of defendant pursuant to the statute, he was entitled to the possession of said stallion at the commencement of this action. It is

then alleged, *thirdly*, that while upon defendant's premises, and before he could be secured, said stallion did certain injuries to defendant, in whose favor judgment for damages is demanded. Plaintiff demurred "to each defense set forth in the answer," on the ground that "neither of them states facts sufficient to constitute a counterclaim or defense to the cause of action set forth in the complaint." *Held,*

(1) That the second and third portions of the answer are bad, there being no averment that the stallion there referred to is one of the animals mentioned in the complaint, nor that he was over two years old and suffered to run at large, so as to come within the provisions of ch. 93 of 1870.

(2) That the demurrer must be treated as to the *whole* answer, and was properly overruled, since the first paragraph of the answer states a defense.

APPEAL from the Circuit Court for *Racine* County.

Replevin. The complaint alleges that, on a day named, plaintiff was, and that he still is, the owner and entitled to the possession of certain personal property described as "one grey gelding colt, two years old, of the value of $100; one black gelding colt, three years old, of the value of $100; one black mare colt, one year old, of the value of $75;" that on that day said colts, at etc., came into the defendant's possession, and still there remain; that on the same day and at the same place plaintiff demanded of defendant the possession of said colts; and that defendant refused and still refuses to deliver them, and wrongfully detains them, to plaintiff's damage, etc. Judgment is demanded in the usual form.

The answer denies "that at the time stated in the complaint, or at any other time, the property described in said complaint came into the possession of the defendant, or that the same was or remained in his possession at the time of the commencement of this action, as alleged in said complaint;" and also denies any demand or refusal to surrender the possession of "the property described in the complaint," and any wrongful detention thereof, as alleged in the complaint. "For a further answer," the defendant alleges that on or about the day named in the complaint, "a certain horse, to wit, a stal-

lion, and the property of the plaintiff as defendant is informed and believes," came upon the defendant's premises; and that said stallion "was running at large contrary to law, and was found on said day doing damage, and was by defendant taken up and secured." Proceedings are then alleged evidently to show a compliance by defendant with ch. 93, Laws of 1870 (Tay. Stats., 795-6, §§ 10-19); and it is averred that said animal remained in defendant's possession until taken by the sheriff in this action; that at the commencement of this action "defendant had in his possession or under his control no other property of the plaintiff whatsoever;" and that, by virtue of the premises and of the statute, he was then entitled to the possession of said stallion. It is then *thirdly* alleged, that said stallion, while upon defendant's premises and before he could be secured, did certain injuries, to defendant's damage $250. Judgment is demanded against the plaintiff for $550 and costs.

The plaintiff demurred "to each defense set forth" in the answer, on the ground "that neither of them states facts sufficient to constitute a counterclaim or defense to the cause of action set forth in the complaint;" and he appealed from an order overruling his demurrer.

The cause was submitted on the brief of *S. B. Van Buskirk* for the appellant, and that of *Fish & Lee* for the respondent.

For the appellant it was contended, 1. That all the denials in the first defense set up in the answer are negatives pregnant, and are insufficient. *Schœtzel v. Ins. Co.*, 22 Wis., 412; *State v. McGarry*, 21 id., 496; *Shearman v. N. Y. Central Mills*, 1 Abb. Pr., 187; 2 Wait's Pr., 422. 2. That there is nothing to show that the stallion mentioned in the second and third parts of the answer is any part of the property described in the complaint; and therefore the averments there made are no ground of defense. 3. That as the answer does not allege that the stallion was over two years old, nor that he was running at large by the permission or sufferance of his

owner, it fails to show any cause of action under ch. 93 of 1870. 4. That as no connection is alleged between the transaction set forth in the complaint and the injuries alleged in the answer, no ground of counterclaim is shown. *Barhyte v. Hughes*, 33 Barb., 320; *Askins v. Hearns*, 3 Abb. Pr., 184.

For the respondent it was contended, 1. That the denials of the answer are full and complete, even if its admissions in reference to a stallion, the property of the plaintiff, which had come into defendant's possession, are mere surplusage. 2. That it sufficiently appears from the answer that the stallion there mentioned is the very animal which this suit was brought to recover, and was actually seized on the warrant herein; and that if this is so, a good counterclaim is stated, under subd. 1, sec. 11, ch. 125, Tay. Stats.

Cole, J. In this case the demurrer must be treated as one to the whole answer. If, therefore, the answer contains matters constituting a defense to the action, which is in substance good, however informally or inartificially stated, the demurrer was properly overruled. We think the answer does deny that the property described in the complaint ever came to the possession of the defendant. But it is said by the learned counsel for the plaintiff, that the answer in that respect is faulty, because it denies, in the words of the complaint, that at a particular day the defendant had possession of the property, and thus amounts to a negative pregnant, that on some other day the defendant had possession. This criticism is not sustained by the averment, which is as follows: " The defendant denies that at the time stated in the complaint, or *at any other time*, the property described in said complaint came into the possession of the defendant, or that the same was or remained in his possession at the time of the commencement of this action, as alleged." This is a denial that at any time the property came to the possession of the defendant, and states a complete defense. It surely does not imply that the defendant had

possession at some other day than the one named, so as to admit the material fact of possession. The objection is not, therefore, well taken to that part of the answer.

But the other portions of the answer seem to us bad in substance. It is not alleged that the stallion therein mentioned is one of the animals mentioned in the complaint, nor that he was over two years old and suffered to run at large, so as to come within the provisions of ch. 93, Laws of 1870. Had the demurrer been confined to that portion of the answer, it should have been sustained. But it amounts to a demurrer to the whole answer, and, for the reasons given, was properly overruled.

*By the Court.* — The order of the circuit court is affirmed.